ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Tuesday, March 28, 2023 11:24:08 AM
CASE NUMBER: 2023 CV 01548 Docket ID: 747467521
Mike Foley
CLERK OF COURTS MONTGOMERY COUNTY OHIO

### IN THE COURT OF COMMON PLEAS
### MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| **LAWRENCE & KAREN UDOM**<br>1338 Clydesdale Court<br>Dayton, Ohio 45458, | : <br>: <br>: | Case No.: _____<br><br>Judge _____ |
| Plaintiff, | : | |
| vs. | : | |
| **STATE FARM FIRE & CASUALTY CO.**<br>P.O. Box 106169<br>Atlanta, Georgia 30348-6169, | : <br>: <br>: | |
| Also serve:<br>Corporate Service Co., Statutory Agent<br>3366 Riverside Dr., Suite 103<br>Upper Arlington, Ohio 43221, | : <br>: <br>: <br>: | |
| | : | **COMPLAINT** |
| Defendant. | : | |

*NOW COME* plaintiffs Lawrence & Karen Udom, by and through counsel, and for their Complaint state the following:

### Parties

1. Plaintiffs LAWRENCE & KAREN UDOM (hereinafter "Udom"), husband and wife, are citizens of the State of Ohio residing at 1338 Clydesdale Court, Dayton, Ohio 45458 (the "Residence"), within Montgomery County, Ohio.

2. Defendant STATE FARM FIRE & CASUALTY COMPANY ("State Farm") is a mutual insurance company duly licensed to conduct business within the State of Ohio and regularly insures single-family residences, including those in Montgomery County, Ohio. State Farm has issued homeowner's insurance to Udom, being policy #35-C9-Z905-1 ("Home-owner's Policy"), covering the Residence.

## General Allegations

3. On June 13, 2022, there was a severe storm in Montgomery County with heavy winds and hail damage. The winds caused severe damage to the roof of the Residence, causing a great many shingles to be torn or damaged, and necessitating the replacement of that roofing.

4. Within the next several days, acting through State Farm's local agent, Udom filed a Homeowner's Claim with State Farm, being claim #35-36C0-12J ("Homeowner's Claim").

5. Subsequently, State Farm's adjustor inspected the damage, determined that coverage existed, but only approved the repair of damaged portions of the roofing, a total of $1,956.82. Furthermore, because the Homeowner's Policy contained a $2,878.00 deduction, State Farm determined that it owed Udom nothing under the Homeowner's Claim. A true and accurate copy of the correspondence, dated July 12, 2022, assessing said Homeowner's Claim is attached hereto and incorporated herein as Exhibit "A".

6. Udom thereafter hired Equitable Appraisals & Consulting, LLC ("Equitable Appraisals") to act as her appraiser, and, after inspecting the Residence, provided an estimate of the actual restoration costs necessary, totaling $21,887.82. Thereafter, Udom submitted this estimate to State Farm. A true and accurate copy of Equitable Appraisals' estimate, dated October 3, 2022, is attached hereto and incorporated herein as Exhibit "B".

7. On December 28, 2022, after Udom received no reaction regarding the estimate prepared by Equitable Appraisals, Udom submitted a demand for an appraisal pursuant to the sections "Property Coverages Section I" and "Coverage A – Dwelling" and subsection "4. Appraisal." A true and accurate copy of Udom's demand for appraisal, dated December 28, 2022, is attached hereto and incorporated herein as Exhibit "C".

8. In response, State Farm denied Udom's demand for appraisal on the grounds that the "amount of loss" to be determined by appraisal included only the pricing of the repairs State Farm claimed were covered, not the actual extent of coverage under the Homeowner's Policy. A true and accurate copy of State Farm's response to Udom's demand letter, dated January 9, 2023, is attached hereto and incorporated herein as Exhibit "D"

### Count One – Appraisal

9. Plaintiffs restate each and every allegation contained in the General Allegations set forth in Paragraph One through Eight (1-8) of the Complaint as if fully rewritten herein.

10. The Homeowner's Policy reputedly provides as follows

> 4. **Appraisal.** If *you* and *we* fail to agree on the amount of loss, either party can demand that an amount of the loss be set by appraisal. Only *you* and *we* may demand appraisal. A demand for appraisal must be in writing. *You* must comply with **SECTION I — CONDITIONS, Your Duties After Loss** before making a demand for appraisal. At least 10 days before demanding appraisal, the party seeking appraisal must provide the other party with written, itemized documentation of a specific dispute as to the amount of the loss, identify separately each item being disputed.
>
>    a. Each party will select a competent, disinterested appraiser and notify the other party of the appraiser's identity within 20 days of receipt of the written demand for appraisal.
>
>    b. The appraisers will then attempt to set the amount of the loss of each item in the dispute as signed by them. In all instances the written report of agreement will be itemized and state separately the *actual cash value*, replacement cost, and if applicable, the market value of each item in dispute.
>
>    The written report of agreement will set the amount of the loss of each item in dispute and will be binding on *you* and *us*.
>
>    c. If the two appraisers fail to agree upon the amount of the loss within 30 days, unless the period of time is extended by mutual agreement, they will select a competent, disinterested umpire and will submit their differences to the umpire. If the appraisers are unable to agree upon an umpire within 15 days:
>
>      (1) *you* and *we* may reach a written application for a judge of a court of record in the same state and county (or city if the city is not within a county) where the *residence premises* is located to select an umpire.
>
>      (2) The party requesting the selection described in item c.(1) must provide the other party:

    (a) written notice of the intent to file, identifying the specific location and identity of the court at least 10 days prior to submission of the written application; and

    (b) a copy of the written application; and

(3) A written report of agreement, as required in item b., signed by any two (appraisers or appraisers and umpire) will set the amount of the loss of each item in dispute and will be binding upon ***you*** and ***us***. In all instances, the written report f agreement will be itemized and state separately the actual cash value, replacement cost, and if applicable, the market value of each item in dispute.

    \*        \*        \*        \*

f.   Each party will be responsible for the compensation of their selected appraiser. Reasonable expenses of the appraisal and the reasonable compensation of the umpire will be paid equally by ***you*** and ***us***.

g.   ***You*** and ***we*** do not waive any rights by demanding or submitting to an appraisal, and retain all contractual rights to determine if coverage applies to each item in dispute.

The above language allegedly set forth in the Homeowner's Policy.

    11.    By denying the demand for appraisal, State Farm has refused to allow that process to determine the amount of loss suffered by Udom, as set forth in the Section I – Conditions, para. 4. "Appraisal" of the Homeowner's Policy. (*See* State Farm's denial of appraisal, dated January 9, 2023, at p. 1, para. 4, citing terms of "Appraisal".) Said denial thereby constitutes a direct breach of the conditions of appraisal set forth in the Homeowner's Policy.

    12.    As a direct and proximate result of said breach of the Homeowner's Policy, Udom have suffered and continue to suffer damages estimated to be excess of $25,000.00 in an amount to be more fully determined at trial.

    13.    However, in order reach resolution of this matter faster, Udom would be willing to stay any tort proceedings against State Farm and engage in the appraisal process. Should appraisal result in the settlement of the Homeowner's Claim brought by Udom and the payment of funds agree to therein, Udom would dismiss his tort claims.

Should appraisal fail to result in a settlement, Udom would remove any stay and proceed with his tort claims.

### Count Two – Breach of Contract

14. Plaintiffs restate each and every allegation contained in the General Allegations set forth in Paragraph One through Eight (1-8) of the Complaint as if fully rewritten herein.

15. The actions of State Farm set forth above, including its failure to pay for the damages to the Residence caused by the severe storm, high wind and hail damage, constitute a breach of the Homeowner's Policy.

16. As a direct and proximate result of said breach of the Insurance Homeowner's Policy, Udom have suffered and continue to suffer damages estimated to be excess of $25,000.00 in an amount to be more fully determined at trial.

### Count Three – Good Faith and Fair Dealing

17. Plaintiffs restate each and every allegation contained in the General Allegations set forth in Paragraph One through Eight (1-8) of the Complaint as if fully rewritten herein.

18. State Farm, as a party to the Homeowner's Policy, had a duty under Ohio common law to deal fairly and in good faith with Udom and to undertake all reasonable efforts to protect their interests with respect to Homeowner's Claims presented by them pursuant to the Homeowner's Policy.

19. State Farm has breached that common law duty of good faith and fair dealing with Udom, *inter alia*, by:

(a) failing to make any effort to reasonably protect the Property as required in the Homeowner's Policy;

(b) acting arbitrarily, capriciously and/or maliciously in refusing to settle the Homeowner's Claim under circumstances that did not furnish a reasonable justification for that refusal; and

(c) State Farm has placed its own interests ahead of the interests of Udom.

20. Such actions were undertaken maliciously.

21. As a direct and proximate result of said breach of good faith and fair dealing, Udom have suffered and continue to suffer damages estimated to be excess of $25,000.00 in an amount to be more fully determined at trial.

### Request for Relief

WHEREFORE, plaintiff Lawrence & Karen Udom requests that a judgment be entered in his favor and against defendant State Farm Fire & Casualty Company as follows:

A. An order requiring the parties to engage in an appraisal of the Homeowner's Claim, #35-36C012J, as set forth in the Homeowner's Policy, #35-C9-Z905-1. Should the parties engage in appraisal, but failed to reach a resolution of the Homeowner's Claim, the Udom demands the following:

B. An award of compensatory damages in an amount that will fully compensate plaintiff for his damages, to be more fully determined at trial;

C. An award of punitive damages against in the amount of Five Hundred Thousand Dollars ($500,000.00);

D. An award of reasonable attorney's fees; and

E. Such other relief as this court may deem just and proper.

/s/ John H. Forg
**John H. Forg (0041972)**
Law Office of John H. Forg
P.O. Box 72
West Chester, Ohio 45071
ph: (513) 379-5205
johnhforg@gmail.com

Attorney for Plaintiffs
Lawrence & Karen Udom

-6-